IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| **Logan Place Properties, Ltd.,** | § | **Case No. 04-37871-H1-11** |
| Debtor. | § | (Chapter 11) |

## MEMORANDUM OPINION

This Memorandum Opinion supplements the findings of fact and conclusions of law announced on the record on June 27, 2005. For the reasons stated on the record and set forth below, the Trust's Motion for Relief from Orders Based on Mutual Mistake [docket no. 163] is denied.

### Background

The Debtor, Logan Place Properties, Ltd., filed a petition under chapter 11 on June 1, 2004. The Debtor's sole asset is an apartment complex in Huntsville, Texas. The Court confirmed the Debtor's Third Amended Chapter 11 Plan of Reorganization on April 11, 2005. At the confirmation hearing, the Debtor and Criimi Mae Services, L.P. ("the Trust") stipulated to the value of the property at $3.4 million. On June 2, 2005, the Trust filed The Trust's Motion for Relief from Orders on Mutual Mistake Pursuant to Federal Rule of Bankruptcy Procedure 9024.

The Trust's motion seeks to amend the plan of reorganization to reflect the property's current $4.4 million value. As a vehicle to accomplish this change, the Trust directs the Court to Federal Rule of Civil Procedure 60(b), as incorporated into bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9024. The Trust alleges that the parties incorporated the incorrect value of $3.4 million for the property into the plan due to mutual mistake by both the Debtor and the Trust.

### Analysis

As explained below, § 1127 provides the exclusive means by which to modify a plan, and § 1144 provides the exclusive means by which to vacate a plan. The Trust cannot satisfy either provision, and therefore cannot change the plan as it stands, regardless of whether mutual mistake existed. For the reasons set forth below, the Court concludes that Rule 60(b) is inapplicable to the motion. Nonetheless, for purposes of this analysis, the Court assumes that the alleged mutual mistake existed, sufficient to satisfy Rule 60(b) if applicable.

The Court must first determine what the Trust's motion seeks to accomplish in order to understand which sections of the Code are applicable. The Code discusses modification of a plan (both pre- and post-confirmation) under § 1127. Section 1127 of the Code states, in relevant part:

1

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fail to meet the requirements of sections 1122 and 1123 of this title….

11 U.S.C. § 1127(b).  Revocation of a plan is treated under § 1144.  Section 1144 states, in relevant part:

> On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order *if and only if* such order was procured by fraud.

11 U.S.C. § 1144 (emphasis added).

The hearings in this case focused on whether the Trust was actually seeking relief under Rule 9024 or another avenue.  In considering the requested relief, the Court will consider the substance rather than the form of the requested relief.  *See Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) ("We have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label.") (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*)).  The substance of the relief sought by the Trust is either to revoke confirmation altogether or to dramatically modify the terms of the plan.  The Trust's original motion requested that the Court "vacate the orders approving the settlement and the order confirming the Debtor's amended plan."  Although sought under Rule 9024, the original requested relief is plainly a request to revoke confirmation.[1]

In its subsequent briefing, the Trust sought "to allow the Trust to be paid in full (subject to full payout for allowed unsecured claims) and avoid the unjust enrichment of the equity holders of the Debtor."  In this case, the Trust's motion seeks to modify the payments under the plan.  The proposed modification would dramatically increase payments to the Trust and would dramatically reduce payments to the holders of interests under the plan.  The basis of the proposed modification is that the value of the Estate's sole asset should be increased from $3.4 million to $4.4 million.  The effect of this increased value would be to alter the Trust's rights under § 506 of the Code, and entitle them to an increased payment.  In short, the *substance* of the original motion sought relief under § 1144 of the Code.  The modified request sought relief under § 1127 of the Code.  However, regardless of whether relief is sought under § 1127 or under § 1144, it must be denied.

Section 1127 states that only the plan proponent may modify the plan pre-confirmation, and only the plan proponent or the reorganized debtor may modify a plan post-confirmation.  *See, e.g., In re Longardner & Associates, Inc.*, 855 F.2d 455, 462 n.8 (7th Cir. 1988) ("only the

---

[1] Some courts make a distinction between "vacating" and "revoking" a plan.  *See, e.g., In re Westway Ford*, 170 B.R. 101, 103 (Bankr. S.D. Tex. 1994); *In re Rideout*, 86 B.R. 523, 530 (Bankr. N.D. Ohio 1988).  In general, orders are vacated and plans are revoked.  To craft a distinction between vacating an order confirming a plan and revoking the plan is to create a distinction without a difference in the present circumstances.  The Code does not discuss vacating plans of reorganization.  *See, e.g., In re BNW, Inc.*, 201 B.R. 838, 844 (Bankr. S.D. Ala. 1996).

2

proponent…of a Chapter 11 reorganization plan can seek to have it modified"); *In re A.J. Mackay Co.*, 50 B.R. 756, 761 (D. Utah 1985). Here, the Trust seeks to modify the plan post-confirmation. As the Trust is neither the plan proponent nor the reorganized debtor, § 1127 prohibits any modification of the plan by the Trust. Logan Place is both the plan proponent and the reorganized Debtor, and opposes the requested modification.

The Trust's brief in support of its motion argues that courts can provide relief from confirmation orders under Rule 9024 and Rule 60(b). In other words, the Trust argues that § 1144 is not the exclusive means by which to revoke an order of confirmation and § 1127 is not the exclusive means by which to modify a plan.[2] Indeed, some courts have reviewed and altered orders of confirmation under Rule 60(b).[3] *See, e.g., In re Bowen*, 174 B.R. 840, 848 (Bankr. S.D. Ga. 1994); *In re BNW, Inc.*, 201 B.R. 838, 846-47 (Bankr. S.D. Ala. 1996); *In re Poteet Construction Co., Inc.*, 122 B.R. 616, 618 (Bankr. S.D. Ga. 1990); *In re 401 East 89th Street Owners, Inc.*, 223 B.R. 75, 79 (Bankr. S.D.N.Y. 1998). While Rule 60 ordinarily allows for relief from final orders, the Code specifically states that relief from a confirmation order is limited to fraud, and modification is limited to the provision of § 1127. This Court agrees with courts finding fraud under § 1144 as the exclusive means by which a plan can be revoked, and § 1127 as the exclusive means by which a plan can be modified. *See, e.g., In re Westway Ford*, 170 B.R. 101, 103 (Bankr. S.D. Tex. 1994); *In re Orange Tree Assocs., Ltd.*, 961 F.2d 1445, 1447 (9th Cir. 1992); *In re Longardner & Assocs., Inc.*, 885 F.2d 455, 460 (7th Cir. 1988); *In re Newport Harbor Assocs.*, 589 F.2d 20, 22 (1st Cir. 1978); *In re Space Building Corp.*, 206 B.R. 269, 273 (Bankr. D. Mass. 1996); *In re Economy Lodging Systems, Inc.*, 1999 Bankr. LEXIS 332, at *13-16. Section 1144 is highly limiting, but understandably so. As one court states:

> Any number of scenarios can and do play out under the terms of a confirmed plan. Credit is extended, assets are sold, corporate entities are created or merged, and so on. Presumably mindful of the intricate chain of events that is often set in motion by the order of confirmation, Congress made the considered choice that only fraud would warrant an attempt to 'unscramble the egg,' and even then only within the 180-day time frame imposed by § 1144.

*In re Winom Tool and Die, Inc.*, 173 B.R. 613, 616 (Bankr. E.D. Mich. 1994). If the language "if and only if" does not express fraud as the exclusive means of revocation, it is difficult to imagine what language Congress could find to make this point clear.

---

[2] While not pled, the Court notes that some courts use their equitable powers under § 105 to set aside confirmation orders. *See, e.g., In re Rideout*, 86 B.R. 523 (Bankr. N.D. Ohio 1988). This Court joins those in rejecting § 105 as a means of modifying or revoking an order of confirmation. *See, e.g., In re B. Cohen & Sons Caterers, Inc.*, 147 B.R. 369, 374 (Bankr. E.D. Penn. 1992); *In re BNW, Inc.*, 201 B.R. 838, 847 (Bankr. S.D. Ala. 1996). When the Code establishes an explicit right, a bankruptcy court cannot alter that right through its equitable powers. *Norwest Bank Worthington v. Ahlers* 485 U.S. 197, 206; *In re Sadkin*, 36 F.3d 437 (5th Cir. 1994).

[3] However, even courts utilizing Rule 60(b) for orders of confirmation deny requests to alter a plan for any reasons foreseeable at the time the plan was confirmed. *See, e.g., In re BNW, Inc.*, 201 B.R. 838, 847 (Bankr. S.D. Ala. 1996). In the present case, an increase in the value of the property between confirmation and sale was surely foreseeable. Real estate is not static, and the possibility that the value of a property may increase or decrease even substantially is not an unforeseeable event.

In considering Rule 60(b)'s application to orders of confirmation, there is an apparent conflict between the Rules and the Code.  When in conflict, the Bankruptcy Code trumps the Bankruptcy Rules.[4]   28 U.S.C. § 2075 ("rules shall not abridge, enlarge, or modify any substantive right"); *see also In re Stoecker*, 179 F. 3d 546, 552 (7th Cir. 1999) ("in a conflict between the Code and the rules, the Code controls"); *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994) ("any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code"); *In re Chavis*, 47 F.3d 818, 822 (6th Cir. 1995); *In re Fesq*, 153 F.3d 113, 116-20 (3rd Cir. 1998).  Thus, the Rules cannot allow what the Code prohibits.

The language "if and only if" was added to § 1144 in 1984 to emphasize fraud as the exclusive means for revocation.  *See* 8 Collier on Bankruptcy, ¶ 1144.LH[2] (15th ed. 2005).  Nonetheless, Section 1144 was clear before the 1984 amendment, and seems only more obvious after the addition of "if and only if."  The Court finds that a revocation can only occur with a showing of fraud.  11 U.S.C. § 1144.  Anything short of a revocation in a plan of reorganization is treated as modification, and the Trust does not meet the requirements under § 1127.

In the present case, the Trust has not alleged fraud, and the Trust is not a plan proponent authorized to propose a modification.  Consequently, the Trust's motion is denied pursuant to 11 U.S.C. §§ 1127 and 1144.

Signed at Houston, Texas on July 19, 2005.

MARVIN ISGUR
United States Bankruptcy Judge

---

[4] The Court does not consider circumstances where Rule 60(b) is used to address constitutional concerns.